CüRia, per
Cohcock, J.
The point submitted in this case admits of no doubt. The fund, it is admitted, is yet in the hands of the officer of the Court, and no final decree as to the rights of the parties has been made. No inconvenience or injustice then will be done to others by admitting the claim of the United States for proof. And to exclude it, merely because the day appointed for rendering the accounts had passed before it was delivered, would be rigorous and unjust. It appears to have been the usual course pursued, and if any expense be incurred by the applicant, he shall pay so much for his laches, but not excluded from his demand. In Lashley v. Hogg, 11 Ves. 602, the Chancellor said he could not dismiss the bill after a decree, except on a *408 rehearing or appeal. But the object, as to the disposi-jjon 0f the funds, might be obtained by consent upon further directions; and though the time had elapsed,yet the Court will let in creditors at any time, while the fund ^ in Court. And in the case of Angell v. Haddon, 1 Madd. Rep. 529, a creditor was let in though the money was apportioned among the creditors, and transferred to the accountant general, on his paying the costs incurred by his delay. The decree of the Chancellor is therefore reversed.

Decree reversed.